**TOEAINA MUASAU for himself and on Behalf of the TOEAINA FAMILY, Plaintiffs**

**v.**

**TOFELOGO KONELIO, TITO MALAE and VELEGA PAOPAOLII, Defendants**

High Court of American Samoa
Land and Titles Division

LT No. 75-90

August 7, 1992

Before RICHMOND, Associate Justice, MATA'UTIA, Associate Judge, and MAILO, Associate Judge.

Counsel: For Plaintiffs, Togiola T.A. Tulafono
 For Defendants, Tauese P.F. Sunia

 The objective of this action is to quiet title to a portion of the land named "Vaoto" on the Island of Ofu in the Manu'a Islands, Territory of American Samoa, either as the communal land of the Toeaina family, or as the communal land of the Malae family, or as the communal land of the Velega family, or as the communal lands in part of any two or all three of these families. Tofelogo Maino Konelio, a potential fourth claimant to this portion of "Vaoto," withdrew from this action before the trial commenced.

 This is the second action filed in this Court to quiet title to the portion of "Vaoto" at issue, and judicial notice is taken of the first action for purposes of the Court's findings of fact in this action.

## FINDINGS OF FACT

 "Vaoto" is large parcel of land on the Island of Ofu in the Manu'a Islands, Territory of American Samoa. The Ofu Airport, which is operated b / the American Samoa Government, is situated on portions of "Vaoto" leased by the Government from seven families owning these portions as their respective communal lands. The seven, in order from the west end to the east end of the airport, are the Autele, Taauau, Lei, Misaalefua, Leui, Toeaina, and Malae families. The portion of "Vaoto" at issue consists of approximately 4.539 acres lying immediately adjacent to the northern boundary of the leased airport area and near the eastern end of the airport runway.

 The airport terminal building straddles this northern boundary near the southeast corner of the portion of "Vaoto" at issue. The terminal building was constructed about three years ago. In 1986, Malae entered a lease with the Government for the land within the disputed area on which the terminal is partially situated and received advance payment of the rent for the first two five-year periods of the lease term.

 There are several other buildings and remnants of buildings on the portion of "Vaoto" in dispute, most of which are close to the terminal. All of these buildings were constructed and occupied by members of the

26

Toeaina family. The graves of Toeaina Muasau, who died in 1991 after this action was instituted, and his son, who died in 1987, are also located in the vicinity of the structures near the terminal.

The Government leased the airport area from the seven families on June 27, 1974 for an original term of 30 years ending June 26, 2004, with two successive 10-year options to extend the lease if they are exercised by the Government. The lease at first provided for an annual rental of $1,147.32, prorated among the seven families and subject to adjustment by renegotiation for each successive five-year period. The lease was amended for the second five-year period to provide for a monthly rental of $989.08, again prorated among the seven families and subject to renegotiation for each successive five-year period remaining. The leased area was approximately 13.188 acres, based on the Government's survey No. 1497, dated March 20, 1973 (the 1973 survey). There is no evidence in the record of any later rent renegotiations or other changes to the lease.

The late Toeaina, who ascended to this senior chief or matai title in 1982, obtained in 1987 a survey by the Government of the portion of "Vaoto" in dispute (the 1987 survey). The point of beginning of this survey No. 105-15-87, dated July 24, 1987, is the northeast corner of the Toeaina communal land identified in survey No. 1497. The Surveyor and Pulunu'u Certificate for this survey was executed by these officials, respectively, on July 17 and 18, 1987. On July 30, 1987, Toeaina's daughter, Mamao Muasau Esau, offered this newly surveyed portion of "Vaoto" to the Territorial Registrar for registration of the title as the communal land of the Toeaina family, pursuant to A.S.C.A. §§ 37.0101 *et seq.* The Territorial Registrar's Notice for Proposed Registration of Land was issued and posted at the courthouse and on two telephone poles in Ofu from July 30, 1987 through September 28, 1987.

Objections were filed to the proposed title registration by Velega Paopaolii on August 10, 1987, and Malae Tito on August 21, 1987. On September 29, 1987, the Territorial Registrar referred the matter to the Secretary of Samoan Affairs for dispute resolution proceedings under A.S.C.A. § 43.0302. On November 19, 1987, the Secretary issued a Certificate of Irreconcilable Dispute, and on November 30, 1987, pursuant to A.S.C.A. § 37.0104, the Registrar submitted the matter to this Court for judicial resolution; the case was designated LT No. 34-87. Objectors Malae and Velega then filed in this action a Complaint to Quiet Title against claimants Toeaina and the Toeaina family, who answered in due course. Thus, in this first action, the objectors became the

27

designated plaintiffs, and the claimants became the defendants. Ultimately, however, on July 31, 1989, this first action was dismissed by stipulation. Noting that the airport terminal was apparently constructed in 1989, we infer that the parties anticipated a final, mutual settlement of their differences, which as it turns out was not realized.

Toeaina obtained another Government survey of the portion of "Vaoto" at issue, No. 51-15-89, dated June 28, 1989 (the 1989 survey). This survey is the same as the 1987 survey. The Surveyor and Pulenu'u Certificate was executed on June 10, 1989, and the land was offered to the Territorial Registrar for title registration as the communal land of the Toeaina family on July 3, 1989. Another Notice for Proposed Registration of Land was issued and posted from July 3, 1989, through September 1, 1989. In addition to objections filed by Malae on August 4, 1989, and Velega on September 1, 1989, Tofelogo also objected on July 21, 1989. Once again, on September 5, 1989, the Registrar referred the matter to the Secretary of Samoan Affairs for dispute-resolution proceedings, which extended more than one year and resulted in the issuance of the Secretary's second Certificate of Irreconcilable Dispute on November 9, 1990, and the Registrar's referral to the Court for judicial disposition on November 19, 1990. This time claimants Toeaina and his family filed a Petition to Quiet Title to Land "Vaoto." Thus, they became the designated plaintiffs, and the three objectors became the denoted defendants.

Two surveyors have been involved. One generated, and at the trial identified, the 1973 survey. The Government has employed him as a surveyor, beginning in 1964, and as a highway planner, involving the use of surveys, since 1982. The original survey required several days of field work. He consulted with family members in the process of delineating boundaries between the various communal lands within the area to be leased for the airport. These consultations included members of both the Toeaina and Malae families. There was then no dispute between these family members on the location of the boundary between the Toeaina and Malae communal lands within the airport area. He placed an iron pin or monument at the point where this boundary intersects with the northern boundary of the airport area. He is not aware of any revision of the exterior and interior boundaries of the airport area. However, the boundary between the Toeaina and Malae communal lands as depicted in the 1973 survey and in the survey designated as the 1986 revision of the exterior boundary and subdivisions of the airport (1986 survey) is the same. He has no knowledge of the portion of "Vaoto" at issue or any title-registration proceedings related

28

to this area, except that he recalls seeing, at the time of the original survey, coconut and other trees but no banana trees and no buildings in this general area.

The other surveyor is also employed by the Government, in that capacity. He did the 1986 survey, as well as the 1987 survey and 1989 survey, and at the trial identified the 1986 survey and the 1989 survey.[1] Toeaina pointed out to him the eastern boundary of the disputed land, and other Toeaina family members showed him the northern and western boundaries. He used the northern boundary of the airport area as the southern boundary of the disputed land and, for this purpose, followed the monuments in place along this boundary. The southeast and southwest corners of the disputed land are identical, respectively, to the northeast and northwest corners of the Toeaina communal land within the airport area, as shown on the 1986 survey. These monuments were in place at these two points when he conducted the 1986 survey and 1989 survey. Fetalia'i Toeaina testified, without contradiction, that these are the same monuments put in place by the surveyor at the time of the 1973 survey.

There is conflicting evidence over the rights of the Toeaina and Malae families to own and use a substantial portion of the disputed land. Malae did not object either to Fetalia'i's house, which is located in the western part of the disputed portion of "Vaoto," or to his plantations behind this house and generally up the mountainside. However, it is a different matter as to the land where the Toeaina houses and plantations, and of course, the airport terminal, are located in the eastern part of the disputed land.

Toeaina constructed a European or "palagi"-style house in the southeast corner of this area in 1977.[2] This house was severely damaged during Hurricane "Esau" in 1981, and Toeaina, using materials salvaged from the first house, built a second structure in the style of a Samoan guest-house below the original house and nearer to the northern boundary of the airport. The only remains of the first house are the

---

[1] The 1987 survey was not introduced into evidence at the trial but is included in the judicially noticed LT No. 34-87 file.

[2] Except as noted below, the only structures on the disputed land prior to the construction of the 1977 house were Samoan-style houses, with thatched roofs, used as shelters for plantation workers.

29

concrete pillars. In 1985, Toeaina constructed another "palagi" house in this area. Later yet, another house of this style was added in the vicinity. In addition, the graves of Toeaina's son, who died in 1987, and Toeaina, who died in 1991, are located immediately to the west of the 1985 house. Toeaina family members asserted that these homes and graves were situated on this portion of "Vaoto" as a matter of right.

Malae and his family members, on the other hand, declared that these locations are within Malae communal land and the construction and burials occurred with either Malae's permission or sufferance. For example, Malae stated that the 1977 house was constructed only after Toeaina Faufano, Toeaina's predecessor in the Toeaina title, and Toeaina had consulted with him and he had agreed to the location during an on-site visit. Further, his brother Aiomanu, in Malae's absence, formally objected to the registration of the separation agreement for the 1985 house, but upon Malae's return, he permitted construction of this house after Toeaina met with him. He did object to the Secretary of Samoan Affairs to the burial of Toeaina's son, who had died off-island, on the land, but there was not sufficient time for judicial resolution of this issue. He considered Toeaina's burial a special situation due to Toeaina's critical illness, and he had assured him during a visit at the Government's LBJ Tropical Medical Center that burial would be allowed next to his son. He also said that historically, there were more Malae graves than Toeaina graves on the disputed land.

Toeaina's daughter Mamao countered this testimony by stating that she had selected or at least suggested the location of the 1977 house, site preparation was already completed when Malae visited the location, and Toeaina's purpose in meeting with Malae was to seek withdrawal of Aiomanu's objection to this construction as well. Malae agreed with the withdrawal, but when it was not forthcoming, the house was built anyway.[3]

Given the evident sincerity expressed by both families of their current respective ownership and right to use the portion of "Vaoto" in controversy, we are not inclined to disbelieve either family's testimony on events surrounding the construction or burials on the disputed land.

---

[3] Documentation of this objection was not produced at the trial. Hence, it is not clear whether this objection was formally filed with the Secretary of Samoan Affairs or was only informally registered with Toeaina.

We do believe, however, that there has been a certain amount of misinterpretation or miscommunication by both families concerning those events. Therefore, we look to the real crux of the problem between these families to resolve this controversy.

There are substantial interrelationships between the Toeaina and Malae families which have been carried over to the use of at least a significant part of the disputed land and have tended to confuse the ownership of this land. The testimony of two older persons, one on behalf of the Toeaina family and the other on behalf of the Malae family, focus clearly on this problem.

High Chief Seumaala F. Mauga, who at age 78 testified lucidly, is related to both the Toeaina and Malae families. His father and his grandmother on his father's side were Malae family members. His grandmother's father held the Malae title at one time. His mother was a Toeaina family member. He is also related to the Velega family. His immediate family lived with the Malae family until his father's death and thereafter with the Toeaina family. His father, until his death, and he and his older brothers, until he enrolled in school on the Island of Tutuila at the age of 14 or 15 years, worked on both Toeaina and Malae communal lands. While his father was living, they worked as Malae family members but were also able to work on Toeaina communal land because his father's sister and uncle were blood-related to both families. During his education and 41 years in the employ of the Government's Department of Education, he remained in contact with his Ofu families, visiting especially during vacations and participating in "fa'alavelaves" or family affairs of both families. He stated clearly that the southeast corner of the disputed land is approximately eight to ten feet east of the airport terminal, and the area in the 1989 survey is Toeaina communal land.

Rev. Peter Malae, who is Malae's uncle and at age 77 is also clearheaded, testified about his knowledge of the disputed land. He also went to Tutuila, at age 18, first to attend school, followed by seven years of teaching, and then to serve 20 years in the "Fitafita" Guard and U.S. Navy. He returned to Ofu during vacations and on other occasions as well. In 1951, his naval service took him away from American Samoa. This curtailed his visits to Ofu until he retired from the military. He then became a minister, serving in Hawaii, and resumed visits home almost annually. He said that the disputed land is Malae communal land. He pointed out that at one time his father had a Samoan-style guest-house

on the airport-terminal site[4] and that there used to be other Malae houses of this nature in the area. He further stated that Malae family members, exercising their rights, worked on the disputed land. These persons included Seumaala and his family, while they were living as Malae family members. He acknowledged, however, that Toeaina also had rights to at least use the land, and since certain individuals had standing in both families, the boundary between Toeaina and Malae communal lands is not clear-cut.

The uncertainties about which family was represented by the persons working the disputed land can be resolved by reference to the various surveys and related circumstances. First, the western boundary of this portion of "Vaoto" in the 1989 survey, which delineates Misaalefua communal land to the west and Toeaina communal land to the east, is not in dispute.

Second, with respect to the northern boundary in the 1989 survey, Poulima Velega testified that Velega communal land lies up the mountainside, extending along the northern boundaries of the Misaalefua and Toeaina communal lands. There was also some testimony during Toeaina's case suggesting that Toeaina communal land extended further north than Misaalefua communal land. However, the western and eastern boundaries in the 1989 survey only extend 480 feet from the northern boundary of the 1973 survey and 1986 survey, which is only part way up the mountainside towards the 1,601 foot summit of Tumu Mountain. The northern boundary of the Misaalefua communal land is not shown, and there is no indication in Poulima's testimony that the delineated northern boundary of the disputed land actually intrudes upon Velega communal land. The northern boundary in the 1989 survey is in a reasonable location, as depicted.

The southern boundary of the disputed land is established by the northern boundary of the airport, which was located in 1973 and is marked by two pins or monuments at strategic points to define the boundaries within the airport area between the Misaalefua, Toeaina, and Malae communal lands. These points now mark the southeast and southwest corners of the disputed land. These points were established after consultation with representatives of the three families and without disagreement among them.

---

[4] Seumaala controverted this statement in rebuttal testimony.

32

The boundary between the Misaalefua and Toeaina communal lands up the mountainside from this southwestern point is a logical extension of the boundary between these lands within the airport area and is marked by a line of coconut trees. Whether or not the eastern boundary of the disputed land is now or ever was marked by a similar line of coconuts trees, and this is a disputed fact, this boundary in the 1989 survey is also a logical extension of the boundary between the Toeaina and Malae communal lands within the airport area. Moreover, both the western and eastern boundaries are noticeably restrained in that they tend to converge as they go northwards, rather than extend in a straight line up the mountainside.

In addition, if the boundary between the Toeaina and Malae communal lands is positioned as proposed in the survey which Malae had prepared, the boundary would be moved significantly westward and reduce the Toeaina communal land within the 1989 disputed land survey by approximately 2.5 acres, or from approximately 4.539 acres to 2.039 acres. This is a reduction of about 55 per cent. While not impossible, it would also create, bearing in mind the divisions of "Vaoto" among several families, a peculiar "L"-shaped configuration to the Toeaina communal land.

The evidence preponderates in support of the area shown in the 1989 survey as Toeaina communal land, based on an implicit, if not express, understanding and agreement among the leaders and members of both the Toeaina and Malae families, at least until some time after the 1973 survey was completed, and regardless of any Malae family use, again whether implicitly or expressly permissive, of areas within this portion of "Vaoto" for plantation or other purposes.

CONCLUSIONS OF LAW

1. Title to the portion of "Vaoto" shown in the 1989 survey is quieted as the communal land of the Toeaina family.

2. The Toeaina family is entitled to have the title to the portion of "Vaoto" shown in the 1989 survey registered by the Territorial Registrar as the communal land of the Toeaina family, in accordance with A.S.C.A. §§ 37.0101 *et seq.* The Territorial Registrar is directed to complete the title registration in such manner.

Judgment shall be entered accordingly.